Order Form (01/2005)

# United States District Court, Northern District of Illinois

MHN

| Name of Assigned Judge or Magistrate Judge | William J. Hibber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5609 | **DATE** | October 1, 2010 |
| **CASE TITLE** | Jeffery S Hazle, Jr. (#2008-0088460) v. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff is given 30 days from the date of this order to either submit a completed *in forma pauperis* application or prepay the $350 filing fee. The clerk shall send to Plaintiff an *in forma pauperis* application and an amended complaint form. Plaintiff's failure to satisfy the filing fee requirement within 30 days of this order will result in dismissal of this case without prejudice. Plaintiff should also consider submitting an amended complaint within 30 days of this order to better state his claims against the non-supervisory officials (Dr. Minoch, Condon, Young, Morgil, Galon, Helm, and Nelson). To proceed against all the currently named defendants, Plaintiff's amended complaint must state how each defendant was or is involved with the claims Plaintiff raises.

■ [For further details see text below.]                                                       Docketing to mail notices.

## STATEMENT

    Plaintiff, Jeffery S Hazle, Jr. (#2008-0088460), currently incarcerated at Cook County Jail, has filed this civil rights complaint under 42 U.S.C. § 1983 against Sheriff Tom Dart, Executive Director Salvador Godinez, Superintendent Martinez, Division 10 Chief Howell, and Health Care Director Dr. Avery Hart. Plaintiff also names as defendants Dr. Minoch, Lt. Galan, Sgt. Helm, and Officer Nelson. Plaintiff states that he suffers from depression and a bi-polar condition, and that he has attempted suicide. He was placed in the psychiatric area of the jail in February 2010, but was removed from that unit in July 2010 and allegedly has not received adequate psychiatric care since then, despite his repeated requests. Plaintiff also asserts that the second floor residents of the unit are treated differently than other floors insofar as they allegedly are allowed to see a psychiatrist only once a month as opposed to several times a month for inmates on other floors.

    The clerk accepted the complaint, even though Plaintiff neither prepaid the $350 filing fee nor submitted an *in forma pauperis* application. The filing fee must be resolved before Plaintiff may proceed with this case.

    The Prison Litigation Reform Act requires all inmates to pay the full filing fee. If an inmate is unable to prepay the $350 filing fee, he may submit an application to proceed *in forma pauperis*, which allows the inmate to pay the filing fee in installments. The *in forma pauperis* application must be on this court's form. If the court grants the application, the court will direct correctional officials to deduct an initial partial payment of the filing fee directly from the inmate's trust fund account, and to make further monthly deductions from that account until the full filing fee is paid. To enable the court to determine if Plaintiff qualifies as a pauper and to make the necessary assessment of the initial partial filing fee, Plaintiff must submit with his application, "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Plaintiff's failure to prepay the filing fee or submit a completed *in forma pauperis* application will result in dismissal of this case. Local Rule 3.3(e).
(CONTINUED)

|  |  | isk |
|---|---|---|

| STATEMENT (continued) |
|---|

Additionally, Plaintiff's complaint sufficiently states claims against the supervisory officials (Dart, Godinez, Martinez, Howell, and Hart) as Plaintiff raises several policy claims of inadequate psychiatric treatment, as well as differential treatment among inmates with psychological issues. However, the complaint does not indicate how the other defendants were involved. *See Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004) (a plaintiff need not provide extensive details of his claim under the federal notice pleading requirement, but he must provide sufficient information about how each defendant was involved to place the defendants on notice of what the claim is and the grounds upon which it rests so that the defendant can respond).

Accordingly, the current complaint would only be allowed to proceed against the supervisory officials. To proceed against all of the named defendants, Plaintiff should submit an amended complaint that states how the defendants were or are involved with Plaintiff's claims of inadequate psychiatric care. The clerk shall forward an amended complaint form to Plaintiff.

If he submits an amended complaint, Plaintiff should write the name of this case, the case number, and the name of the judge on the amended complaint. He should submit a judge's copy and a service copy for each defendant. Also, the court advises Plaintiff that an amended complaint replaces a previously filed complaint and must stand complete on its own. The court will refer only to the amended complaint to determine what claims he is raising and which parties he is suing as defendants. Therefore, Plaintiff must include in the amended complaint all of the claims he seeks to raise and name all of the defendants he seeks to sue in this case.

*Wm. J. Hibbler*